HARDY, Judge.
This is a suit by plaintiff against her landlord and his insurer for damages resulting from a fall allegedly caused by the defective condition of the leased premises. Plaintiff appeals from judgment rejecting her demands.
The accident occurred on the premises located at 315 Christian Street in the Town of Vivian, which were rented by plaintiff from defendant, Leonard W. Bounds. On the night of January 5, 1966, plaintiff was brought home from a church meeting by some friends. Plaintiff alleged and testified that after leaving her friends’ automobile she walked toward her house and while ascending the front steps the top step “kicked up”, throwing her down upon a concrete step at the bottom, as the result of which fall she sustained a compound, comminuted fracture of the right femur. The burden of plaintiff’s claim rests upon the charge that the step which caused her fall was “weak, defective and rotten”, which fact was not known to plaintiff before the accident but was, or should have been, known to defendant, Bounds, who was therefore guilty of negligence in allowing the dangerous and defective condition to exist.
Conceding, arguendo, the defective condition of the steps, we think that plaintiff’s claim was properly denied because of her failure to prove by a preponderance of the evidence that her fall actually occurred on the steps. At the time of the accident the weather was damp and misty and rain had been falling during the day. After leaving her friends’ automobile at the street, plaintiff testified that she made her way up the path to the steps and as she reached the top of the flight the top step kicked up and threw her to the foot of the steps. In support of her testimony plaintiff called as her witness a neighbor, Mr. Malmay, who with the defendant, Bounds, came to plaintiff’s aid immediately after her fall. This witness testified that when he reached the plaintiff she was in a sitting position some eight feet from the steps. The testimony of defendant, Bounds, was to the same effect and both of these witnesses, Malmay and Bounds, testified that plaintiff had not mentioned falling on the steps, but simply remarked that she fell and hurt herself.
Our examination of the record leads to. the conclusion that plaintiff failed to establish the fact that her fall actually occurred on the steps of the rented house, which conclusion is in accord with the finding of the district judge.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.